NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 22 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

XIAOFANG WU,

No. 15-71695

Petitioner,

Agency No. A087-886-123

v.

MERRICK B. GARLAND, Attorney
General,

MEMORANDUM[*]

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2022[**]

Before:    S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Xiaofang Wu, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies in the record regarding who influenced Wu to convert to Christianity and based on Wu's admitted lies on prior visa applications which revealed a preconceived intent to travel to the United States. *Id*. at 1044 (adverse credibility finding must be based on the totality of the circumstances); *Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011) (An "applicant who lies to immigration authorities casts doubt on his credibility and the rest of his story."). Wu's explanations do not compel a contrary conclusion. *See Li v. Garland*, 13 F.4th 954, 960-61 (9th Cir. 2021). In the absence of credible testimony, Wu's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of Wu's CAT claim because it was based on the same evidence found not credible, and Wu does not point to any other evidence in the record that compels the conclusion that it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to China. *See Shrestha*, 590 F.3d at 1048-49.

15-71695

We reject as unsupported by the record Wu's assertions that the agency violated her due process rights and failed to consider and review the evidence presented. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice."); *see also Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 894 (9th Cir. 2018) ("There is no indication that the IJ or BIA did not consider all the evidence before them.").

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**